Thank you, Your Honor. Stephanie Bradley for the plaintiff, Bridget Taylor. And I will also attempt to reserve two minutes for rebuttal. Your Honor, this appeal involves two of Ms. Taylor's claims from her complaint. The first is under the Truth in Lending Act for the defendant's failure to send periodic statements regarding her home equity loan with them. And on appeal, we've limited that claim to those because of TILA's one-year statute of limitations. Her other claim is under California's unfair competition law. And this claim covers both the unlawful failure to send periodic statements and also the rest of the defendant's course of conduct, which includes their unexplained ceasing of all communications beginning in April 2010, their continued silence and failure to modify or extinguish her loan with them as required by the Home Affordable Mortgage Program when she executed the modification on her first loan, culminating in their surprise appearance and foreclosure five years after their last communication with Ms. Taylor. And our position is that she has adequately stated causes of action under both of these two claims, and this court should reverse the district court's dismissal. Under the TILA claim, the CFPB's commentary definition is clear that periodic statements can be stopped only for a court action or adjudicatory proceeding. And there's no argument, and defendants have not made one, that a non-judicial foreclosure under California law is a court action or adjudicatory proceeding. Kelsey, can I ask you about that? Yes. So you have the language of that. It's a two-sentence thing, right? Correct. The second sentence in that says, assigning a debt to a debt collector or other third party would not constitute instituting a debt collection. So it's sort of the negative sentence. Positive is the first. What is your position as to whether or not, I think I know the answer to this, but what is your position as to whether or not that sentence is sort of the whole universe of things that don't constitute, right? So that second sentence says, assigning a debt, and this is not, I don't think your argument is that this was assigning a debt. So what is your position as to what that second sentence, is that the whole universe under the CFPB's view? I believe if that were the whole universe, Your Honor, that would have been the only sentence in their definition needed, if it encompassed anything except those two. But this court has required that we read all parts of definitions, and the first sentence makes clear that it's only a court action or an adjudicatory proceeding. Well, let me ask you about that then. So I think you agree that the second sentence is not the whole universe. I mean, you wouldn't have a case because it doesn't include. But it seems to me that your argument has to be that the first sentence, it seems to me what you're saying this morning, and I think that's consistent with your briefs, that the first sentence is the whole universe. That only a court action or initiating an adjudicatory process is the whole universe. Under the CFPB. Is that your position, that those are the only types of things that can constitute a delinquency collection? That is our position that the CFPB. Let me ask you this then. That's what I thought. So here's the challenge I have with that. Isn't the second sentence entirely superfluous then? I believe it's clarifying and that it's a common situation faced by lenders. And so probably they did not need to include it. But I think that it's a clarifying sentence to make clear that a debt collection, referral to a debt collector. It's not typically how we read things, right? Like if you have a, if you, you know, you don't people. I mean, I think your argument would be, yeah, it is superfluous, but it's helpful to have it there just as one example. But that's sort of odd. Let me ask you this, I guess this is kind of getting at the same thing. Why isn't it a better reading? Just read the first one is saying, here's some things that are. And the second one is saying, here's something or some things that and then, but not, but neither sentence is covering the entire universe. And so, and why, why, why, why isn't that a better way to read it? Then we'll get to the next. Well, I believe it's not a better way because then it actually reads away the entire definition. There's no purpose of that definition. If everything's, if that's not true council, I don't think because we know from their commentary that CFPB things that these two things sure are, and these two things sure aren't, what we wouldn't know is for things that aren't those four things, whether or not they are, aren't, we'd have to figure it out on our own, but it wouldn't make it purposeless. I think it's that I agree with that. I think that it's fairly clear that the first sentence reads like a definition. It says a delinquency collection proceeding as a court action or other adjudicatory process, but even leaving aside the definition, there's the, the, as stated in our briefs, the legal, the blacks law definition of proceeding generally contemplates a court action or other, and some, something akin to a court action. And additionally, we looked into that council in, in the Supreme court. I can't non-judicial foreclosure proceedings as exactly that. So that's the challenge with that is that it seems that that term is used very regularly proceedings. But additionally, additionally, in the context of the, of the fair debt collection act, this court has held that a non-judicial foreclosure does not collect on a debt. And so there's the additional problem that we've also, we've also held that a judicial foreclosure does not collect on a debt. And so wouldn't that, I mean, if that's the rationale, that would mean, because it says right here that a filing of a court action is a, is a delinquency collection proceeding. And so it seems to me that your argument there proves too much. Well, can I ask a slightly different question? Yes, your honor. What would be, what would be the point of a periodic billing statement after foreclosure? Well, after, after foreclosure is complete, there, we would argue that it's not, it's not required. Up to that point. After, after, well, about after the notice, your client received notice that there was going to be a non-judicial foreclosure. Did she not? She did, your honor. So what would be the point of a periodic billing statement after foreclosure? Well, the extent that defendants were continuing to charge interest, it would, it would disclose what those terms were. And I would say that additionally, that's what this, that is our position that that's what the, that's what the CFPB's definition requires. So it's not, it's up to them to decide whether a non-judicial foreclosure should be included in delinquency protection collection proceedings. And and they have not. So it would be to advise her of, of interest being charged. But again, because the, because the CFPB's definition in our position precludes non-judicial foreclosures, whether or not it's, it's a good idea to require those statements during the process of a CFPB. I did want to reserve two minutes for rebuttal. Okay. You're right on two minutes. Thank you, your honors. Good morning, your honors. Melissa Coutts appearing on behalf of Applebee's, Bosco Credit LLC and Franklin Credit Management. Your honors, I believe that the discussion that has been held thus far is, is an important one. And discussing the CFPB's official comment to the TILA regulation at issue here. I would absolutely characterize the CFPB's comments as providing examples. And not, not necessarily a definition. Because I don't believe if this is intended as a absolute definition of delinquency collection proceedings, then it falls short for all of the reasons that we're discussing here. Instead, the CFPB's comment provides examples, as Judge Van Dyke pointed out, examples of what would be deficiency collection proceedings. But by providing... Can I interrupt for just a minute, Judge Fletcher? Is it the position of both parties? I think this is so, but I want to confirm that the phrase delinquency collection proceeding and regulation Z is ambiguous. And therefore, we look to this comment. Is that correct? Yes, your honor. I would agree that it is ambiguous. And so the CFPB's comments should be consulted. I think the appellants... The question then is what the comment means, which is what, of course, you have been addressing. Exactly, your honor. I think appellants and I disagree with how much weight should be given to the CFPB's comments. I believe in the appellant's reply brief, they make a comment that the CFPB's interpretation is dispositive. I think that takes it a little too far. The Supreme Court's decision, Ford Motor Credit versus Milhollin, cited by the appellants for that proposition states that in the face of an ambiguous regulation, the CFPB's commentary should be given deference, not that it's dispositive. And if only to... Proceeding to solicit the view of the CFPB. Your honor, there was not. Certainly, further elucidation of this comment would be helpful at this moment. However, that was not sought or obtained. And I think it's also important to look at that Ford Motor Credit versus Milhollin Supreme Court case also indicated that a CFPB's interpretation should be given deference, but only if it's not demonstrably irrational. I think some of the discussion that's happened this morning, I think demonstrates really that there is no rational basis for treating nonjudicial foreclosures and judicial foreclosures differently for the purpose of this TILA requirement to provide periodic statements. Even the appellant agrees if a judicial foreclosure had been instituted, that would fall squarely within the example provided in the CFPB's comments. And at that point, the requirement for periodic statements would cease. Well, what's the difference between a judicial foreclosure and a nonjudicial foreclosure? I can see some difference. If it's a judicial foreclosure, you've got something that looks either judicial or quasi-judicial. You've got a lawsuit, you may have lawyers, there's all kinds of things that go on that will, as it were, hit over the head the property owner. Whereas if it's a nonjudicial foreclosure, you get a notice when that's hit, and the notice does not contain the accrual of interest and so on. And if it's a nonjudicial foreclosure, as I'm now just interpreting it the way the other side would do, what you're going to get is a notice that keeps coming to you. So that's what's going to hit you over the head with the consequences of ignoring it. Your Honor, I think it's important to look, though, at the purpose of this TILA regulation to provide information about the ongoing status of the loan should be treated the same for judicial and nonjudicial foreclosure. A judicial foreclosure complaint is not required to include all of the data that the TILA regulation requires. It's not required to outline the amount of credit remaining and the APR applied and all of those particular data points from the TILA regulation. So if a judicial foreclosure is not providing that information that we put in a periodic statement, just as a nonjudicial foreclosure is not providing that information, there's no rational basis for treating the two judicial foreclosure or the two foreclosure types differently for purposes of this TILA regulation. In other words, they may be- You know, a lawsuit has the consequence of really focusing the mind of the person who's been served with the summons or whatever the paraphernalia associated with a lawsuit focuses the mind, I think, more than a letter. Would you agree with that? Well, Your Honor, first, I would not characterize the nonjudicial foreclosure notices as merely a letter. There's a series of procedures that have to be followed involving posting on the front door, posting in a public place, publication newspaper, numerous mailings. So I think it's- I wouldn't agree that it's, you know, simply sending a letter and then foreclosure happens. In this case, they granted three notices of sale, published, posted to the door before there was actually a sale held. Was she still living in the house? I don't recall from the record whether she was in the house at the time, but I do know there has not been any allegation that the necessary nonjudicial foreclosure steps were not followed or that there was any error in that process. That process has been crafted by the legislature to provide necessary notice, and it has been found to be sufficient by numerous courts. And it costs less money. It is. It is less expensive and more efficient for the lenders. However, it has been found by the legislature and by courts to be sufficient and provide sufficient notice to apprise the borrower of the severity of the action and that their need to step forward. Here, the borrower received the notice of default in August 2015. It was about two and a half years before the property went to sale. There were three notices of sale issued and published in that time, and at no point did she step forward requesting information about the questions that she had about the interest rate and the APR and information that would have been in a periodic statement. Was she making payments? No, Your Honor. She was not making payments. She had been significantly delinquent long before the foreclosure initiated. I believe at the time of the notice of default, the delinquency was already approximately $35,000 in delinquent payments. I may be misstating that part of the record, but there was a significant delinquency long before the foreclosure initiated. I have a question about the, I don't remember if it was Fosco Credit, but who ended up owning the home or after the whole foreclosure, but do they take the home subject to the first mortgage? Is that how that works? Yes, that's correct. So they got the $300,000 or $400,000 first mortgage from Wells Fargo? That is correct. The foreclosure of Fosco Credit's deed of trust extinguished all inferior interests, any junior liens, as well as the ownership interests of the prior homeowner. However, they do take title subject to all senior encumbrances, including their title is now subject to Wells Fargo's deed of trust. Modification as to the first mortgage, does your client take it subject to the modification or to the original amount, or do you not? They take it subject to the modified loan because they take it as the state of the title exists at the time of the foreclosure, which is a modified balance on Wells Fargo's deed of trust. I believe I've addressed all of the comments of the Appellants Council this morning, so unless your honors have any additional questions. One question, and that is to say, would either of you object if after thinking about this, we were to solicit the view of the CFPB on the meaning of this regulation, or rather the meaning of this comment? While I believe the CFPB's opinion may be important, I would just say I don't believe it would be dispositive. I think in the cases based on the Franklin Credit's actions up to this point, which were guided by the existing state of law and the existing state of the commentary, so I believe it would be somewhat prejudicial to have additional commentary that we didn't have the benefit of. I'm asking about briefing. I can understand the benefit of that and would not object to that if that's what the court decides. Do you have any idea how long that might take? I don't recall any case where that has been done or requested before, so I couldn't speak to that. I think it takes as long as we tell them they have to dive in. Maybe not. Anyway, okay, thank you. Thank you, your honors. Thank you, your honors. So, first, we would not object to seeking the CFPB's opinion on this, particularly because in looking again at their definition, I think they would make plain that creditors institute a delinquency collection proceeding by filing a court action or initiating an adjudicatory process with a third party is fairly clearly not an example, but rather the definition of what a delinquency collection proceeding is in their mind. I also wanted to touch back to Judge Fletcher's about that Bosco now takes the property subject to the modified loan of Wells Fargo, because this highlights her other claim, which is the unfair competition law claim, which covers the conduct of the fact that they had no excuse for stopping communications and that they stayed silent and allowed her to make these payments under a fruitless modification to lose additional money, and they benefited from that. So, I think this unfair competition claim, often these claims are sort of afterthought tack-on claims here. It's really the gist of her complaint about their actions. So, I'm glad we're talking about that, because we didn't get that in your opening argument, but you do say in her complaint, it says that her unfair competition claims are tethered to, it's pretty strong language, is they're tethered to these two law, you know, and one is the TILA claim and the other is the breach of contract claim. So, it seems like, I understand that breach of contract, I mean, unfair competition claims can be unlawful or they can be unfair, but by tying it with strong language saying tethered, it seemed like you brought these as unlawful, not as unfair. There is language in the complaint that says that it's based on unlawful, but there's also language saying that it's based on unfair conduct, and as we've stated in our reply brief, this court looks to the factual allegations to determine the substance of the claim, not the labels given in the complaint, and the factual allegations here would plainly support an is an early stage of the complaint. It's a purely legal question, and this issue has been fully briefed in this court, so it's entirely appropriate for this court to consider whether her complaint can go forward, and she's entitled to her day in court to prove her claims. Do you know, just to ask you one more question, I know your time has expired, but do you know when your client moved out of the house? My client is still in the house. In the house. And do we know, again, I apologize for taking you over, do we know whether Bosco was aware of the modification that your client was undertaking with Mel's Fargo and then making payments? There's no, I don't know that as a factual matter, and I don't know the, the complaint doesn't contain, doesn't have any allegation about this. The allegation is that Franklin was a participant in the HAMP program and had obligations to modify when the first loan modification, so I imagine there are procedures if those obligations exist to notify second liens, but I actually, I don't know, I don't know what happened here. Thank you. Thank you, Your Honor. Any further questions from the bench? I thank both of you for very good arguments. Awesome. The case of Taylor versus Bosco Credit, now submitted for decision. Thank you.
judges: Schroeder, W. Fletcher, Vandyke